UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK LANDRY, AS ADMINISTRATOR OF THE ESTATE OF ZACHARY LANDRY,<br><br>    Plaintiff,<br><br>    v.<br><br>HOMERO MOLINA,<br>OM TRANSPORTATION, INC., and<br>EL TRANSPORT, LLC,<br><br>    Defendants,<br><br>and<br><br>TRISURA SPECIALTY INSURANCE COMPANY,<br><br>    Citation Respondent. | Case No. 25-cv-01965-JPG |

### MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Frank Landry's Motion to Remand (Doc. 9). The motion concedes that removal of the citation proceeding was proper but argues that the Court must remand the underlying tort action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. In addition, it asks the Court to award Plaintiff his fees and costs pursuant to 28 U.S.C. § 1447(c). Citation Respondent Trisura Specialty Insurance Company ("Trisura") filed a response to the motion (Doc. 14).

### I.     BACKGROUND

This case involves two different proceedings: (1) the underlying lawsuit; and (2) the citation of assets. The underlying lawsuit—*Frank Landry, as Administrator of the Estate of Zachary Landry v. Homero Molina, Jr., OM Transportation, Inc., and El Transport, LLC*—was

filed in the St. Clair County Circuit Court on December 20, 2024 ("the *Landry* Suit"). The complaint alleged damages under the Illinois Wrongful Death Act related to an accident between the vehicle of Decedent Zachary Landry and a commercial tractor-trailer driven by Defendant Homero Molina ("Molina"), in the course of his employment with Defendant OM Transportation ("OM") and/or Defendant El Transport. At the time of the accident, OM was insured under a policy issued by Trisura. On April 2, 2025, the St. Clair County Circuit Court entered a default judgment of $25,424,044.20 in favor of Plaintiff and against Defendants, jointly and severally.

On September 24, 2025, Plaintiff served Trisura with a "Citation to Discover Assets of a Third Party" and "Citation Notice" ("the Citation Proceeding"). The following day, Trisura filed a declaratory judgment action in the United States District Court for the Southern District of Texas asserting that it owes no duty of defense or indemnity or any other obligation with respect to the allegations or the judgment in the *Landry* Suit. On October 24, 2025, Trisura removed both the *Landry* Suit and the Citation Proceeding to this Court, arguing that the proceedings are within the Court's original diversity jurisdiction. Subsequently, on October 31, 2025, Trisura filed its answer to the Citation to Discover Assets. In its answer, Trisura denies that it has or had in its possession, custody, or control, on the date of service of the Citation to Discover Assets or as of the date of filing its answer, any personal property or monies belonging to, or that may become due to, OM or Molina.

## II. ANALYSIS

### A. Removal of the Citation Proceeding:

The Court starts by determining whether Trisura properly removed the Citation Proceeding. Plaintiff does not dispute that removal of the Citation Proceeding was proper.

However, in light of the Seventh Circuit's admonitions, the Court will complete its own analysis. *See Hertz Corp v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

28 U.S.C. § 1441(a) allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." "The statute has long been interpreted to allow removal only of 'independent suits' but not ancillary or 'supplementary' proceedings." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012). This is a "judge-made limitation" that stems "from the civil-action requirement." 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3721.1 (Rev. 4th ed. 2018). "The restriction is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court." *Id.* "Citation proceedings under 735 ILCS 5/2-1402 may or may not be independent, depending 'on the context of each case.'" *Jimenez v. Kiefer*, 100 F.4th 931, 937 (7th Cir. 2024). A citation proceeding is an independent suit if two requirements are met. *See Good*, 689 F.3d at 725. First, the citation proceeding must include a new party. *Id.* Second, it must raise a new and distinct disputed issue. *Id.*

Here, the Citation Proceeding against Trisura is an independent, removable action. It includes a new and different party—Trisura—that was not party to the *Landry* suit, and it presents a new issue of law and fact. Trisura filed a declaratory judgment action and an answer to the Citation to Discover Assets taking the position that it is not holding any property or monies belonging to the judgment debtors. Trisura's decision to contest coverage establishes "a new dispute governed by law distinct from the underlying . . . action and based on different facts" and makes the Citation Proceeding removable. *Jimenez*, 100 F.4th at 938 (quoting *Rizvi v. Allstate*

3

*Corp.*, 833 F.3d 724, 727 (7th Cir. 2016)). Because Trisura "answered that it [is] not obligated to pay anything," there is only one thing remaining for the Court to do. *Id.* That is, adjudicate whether Trisura is, contrary to its denial, "holding assets of the judgment debtor[s] that should be applied to satisfy the judgment." *Id.* (citing *FirstMerit Bank, N.A. v. McEnery*, 168 N.E.3d 704, 709 (Ill. App. Ct. 2020)). This dispute involves "new issues of fact and law" that were not raised in the *Landry* suit, and therefore, is "an independent, removable action." *Id.*

In addition, the Citation Proceeding is within the Court's original jurisdiction. A federal court has original diversity jurisdiction where the parties are completely diverse and where more than $75,000, exclusive of interests and costs, is in issue. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). In determining whether the parties are completely diverse, the Court disregards the citizenship of nominal parties. *Jimenez*, 100 F.4th at 938. "A defendant is nominal if: (1) the plaintiff does not seek relief from him; or (2) there is no reasonable basis for predicting that [he] will be held liable." *Id.* (internal quotation marks and citations omitted). In this case, both requirements for diversity jurisdiction are met. First, the amount in controversy clearly exceeds $75,000. Plaintiff is attempting to collect a default judgment in the amount of $25,424,044.20. Second, there is complete diversity of citizenship between the non-nominal parties. Plaintiff is a citizen of Illinois, Trisura is a citizen of Oklahoma, and OM and Molina are citizens of Texas.[1]

The Court finds that the Citation Proceeding is a civil action that may be removed under 28 U.S.C. § 1441 and is within the Court's original diversity jurisdiction. As such, it concludes

---

[1] The Court is not convinced that El Transport is a party to the Citation Proceeding. The Citation to Discover Assets only lists OM and Molina as judgment debtors whose assets it seeks to discover. However, even if El Transport is a party to the Citation Proceeding, it is only a nominal one. Plaintiff has settled with El Transport and does not seek to discover its assets.

4

that Trisura properly removed the Citation Proceeding.

  B. <u>Remand of the *Landry* Suit:</u>

  Since the Court has determined that Trisura properly removed the Citation Proceeding, it must decide whether the *Landry* Suit should be severed and remanded to the St. Clair County Circuit Court. The Court starts by addressing the issue of severance. Plaintiff argues that, since the Citation Proceeding reaches the level of a "civil action" as defined by § 1441, it is removable separate and apart from the *Landry* Suit. Trisura, on the other hand, asks the Court to apply an all-or-nothing approach. It argues that, where a citation proceeding is sufficiently independent to reach the level of a "civil action" that may be removed under § 1441, removal of the citation proceeding either removes the whole action (if diversity is satisfied) or none of it.

  The Court declines to take the all-or-nothing approach suggested by Trisura. Instead, it holds that, if a citation proceeding is sufficiently independent to constitute a "civil action" under § 1441, the proceeding can be removed separate and apart from the underlying suit. It reaches this conclusion for two reasons. First, the all-or-nothing approach is contrary to both the text of the removal statute and the federal case law interpreting the statute. 28 U.S.C. § 1441(a) allows a defendant to remove "any civil action." The statute does not define "civil action," but there are sound reasons to believe that "civil action" can mean less than an entire case.

  To begin, if Congress wanted to require that an entire case be removed, it could have used the word "case" instead of "civil action." It used the term "case" in other nearby removal statutes. *See, e.g.*, 28 U.S.C. § 1447(a) ("In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."); 28 U.S.C. § 1448 ("In all cases

5

removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . . such process or service may be completed . . . ."). But in § 1441, it chose to use the term "civil action." This indicates that "civil action" has a different meaning than "case." *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

Moreover, the removal statute contemplates that a claim may be removed to federal court while other claims remain before the state court. 28 U.S.C. § 1441(c) anticipated the scenario where a defendant removes a civil action to federal court that includes claims that arise under federal law and claims that are not within the original or supplemental jurisdiction of the district court. In this situation, § 1441(c) allows the defendant to remove the entire civil action if it "would be removable without the inclusion of the claim over which the court has no jurisdiction." *Brooks v. Diserens*, No. 3:24-CV-01848-NJR, 2025 WL 899009, at *5 (S.D. Ill. Mar. 25, 2025) (citing 28 U.S.C. § 1441(c)(1)). However, it requires the district court to "sever from the action all claims over which it has no jurisdiction and remand those claims to the state court from which the action was removed." *Id.* (citing 28 U.S.C. § 1441(c)(2)). In other words, the federal court hears the claims arising under its original federal question jurisdiction, and the state court hears the state law claims over which the federal court has no jurisdiction. The fact that "the removal statutes explicitly contemplate the severance of claims between the federal and state courts" indicates "that a defendant is not subject to an all-or-nothing removal requirement." *Arnold Crossroads, LLC v. Gander Mountain Co.*, 751 F.3d 935, 945 (8th Cir. 2014) (Smith, J.,

dissenting).

Finally, "federal courts have broadly construed the term 'civil action.'" 14C WRIGHT & MILLER'S FED. PRAC. & PROC. § 3721.1 (Rev. 4th ed. 2018). It has been defined to include "proceedings for garnishment or condemnation, and actions to compel arbitration or to confirm or vacate an arbitration award." *Id.* Interpreting the term "civil action" to allow a defendant to remove less than an entire case comports with this broad construction. *See Arnold Crossroads*, 751 F.3d at 946 (Smith, J., dissenting).

Second, there is extensive authority that suggests an independent suit is removable apart from the original case. Leading federal practice commentary observes that:

> There is also a sensible judge-made limitation—stemming from the civil-action requirement—that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim. This restriction is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court. . . .
>
> A few cases have drawn a distinction between supplemental proceedings that are a mere mode of execution or relief, inseparably connected with an original judgment or decree in a state-court proceeding and therefore not removable, and those supplemental proceedings that involve an independent controversy with a new and different party. The latter are removable. . . .

14C WRIGHT & MILLER'S FED. PRAC. & PROC. § 3721.1 (Rev. 4th ed. 2018). Wright & Miller indicates that a supplemental proceeding that involves "an independent controversy with a new and different party" may be "removed separately from the main claim." *Id.* Case law within the Seventh Circuit appears to support this interpretation. *See, e.g.*, *Good*, 689 F.3d at 726 (determining that a citation proceeding that featured a "new party, a new and distinct legal claim, new issues of fact and law, and . . . a realignment of the original litigants . . . became for all intents and purposes a separate case," even though it originated "in the underlying suit") *Fed.*

*Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1969) (stating that "a proceeding which is the equivalent of a common law suit or equitable action to secure relief from an existing judgment, is an independent action and, hence, removable . . . regardless of whether or not the proceeding sought to be removed is independent in form"); *Rizvi*, 833 F.3d at 727 (concluding that the case involved "a citation proceeding that has become separate from the underlying suit and needs its own basis for jurisdiction"); *Robertson v. Franco*, No. 1:10-CV-01663-TWP, 2011 WL 2133553, at *2 (S.D. Ind. May 25, 2011) (finding that removal of a complaint but not the underlying delinquency proceeding would be appropriate if the complaint was a "separate and independent" action).

  Further, numerous federal courts have permitted a defendant to remove a supplemental proceeding that involves an independent controversy with a new and different party even though the underlying action remained pending in state court. *See, e.g.*, *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 623–25 (7th Cir. 2013) (finding that a judgment enforcement proceeding was "sufficiently independent from the underlying state-court proceedings to give the federal court jurisdiction under § 1441(a)," even though the underlying suit remained "pending in the state court of appeals"); *Swanson v. Liberty Nat. Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965) (determining that the "garnishment facet of the proceedings" was properly removed to federal court because "the garnishment issue was an independent case or controversy"); *Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1236 (D.N.M. 2011) (remanding the plaintiff's wrongful death claims to the state court for lack of subject matter jurisdiction but retaining the intervenors' wrongful death claims in federal court because they were subject to independent removal as a separate civil action).

Because the Court has determined a citation proceeding may be removed separate and apart from the underlying suit, it must decide whether the *Landry* Suit should be remanded to the St. Clair County Circuit Court. The Court finds that remand is proper here because Trisura is not a defendant in the *Landry* Suit. 28 U.S.C. § 1441(a) allows only a defendant to remove a civil action. Trisura argues that it is a defendant to the *Landry* suit because of the Seventh Circuit's holding in *GE Betz*, 718 F.3d 615. The Court agrees that Trisura is treated as a defendant for the purposes of the Citation Proceeding. But it does not believe that Trisura is a party to the *Landry* Suit.

The Seventh Circuit's decision in *GE Betz* focused on one narrow issue: is a third-party citation respondent in a citation action properly characterized as a "defendant" under 28 U.S.C. § 1441? *Id.* at 629. The court answered this question in the affirmative for two reasons. First, it defined "defendant" in § 1441(a) as "a party whose interests are in opposition to the plaintiff's interests." *Id.* It then examined "the procedural rights, the substantive rights, and the remedies to which parties to a citation action are entitled," and found that the interests of a third-party citation respondent in an Illinois citation action are directly averse to the interests of the judgment creditor. *Id.* at 627, 630. Second, it applied the "famous duck test" which says, "if it walks like a duck, swims like a duck, and quacks like a duck, it's a duck." *Id.* at 630 (quoting *Lake v. Neal*, 585 F.3d 1059, 1059 (7th Cir. 2009)). "[I]f a participant in a judicial proceeding has all the qualities of a defendant, then inductive reasoning tells us that the participant must, in fact, be a defendant." *Id.* "A third-party citation respondent is initially served with notice of the action against it; it is in direct opposition to the party bringing the action (the judgment creditor); it has the opportunity to vindicate its rights at trial; and it has the right to appeal any adverse

9

judgment against it." *Id.* In other words, "a third-party citation respondent in Illinois has all of the qualities traditionally associated with a defendant." *Id.* Given the narrow issue before the court and the court's focus on how a citation respondent functions in an Illinois citation proceeding, the Court must reject Trisura's argument that the Seventh Circuit's holding in *GE Betz* makes it a defendant to the *Landry* Suit.

In addition, the Court is troubled by the fact that Trisura is talking out of both sides of its mouth. Trisura argues that it is a new and independent party that supports removal of the Citation Proceeding under § 1441, but in the same breath, alleges that it is a party to the *Landry* Suit. These arguments are clearly contradictory. The reason that the Citation Proceeding is a removable civil action is because Trisura is a new and different party with a distinct legal controversy. If Trisura was a party to the *Landry* Suit, the Citation Proceeding would not be an independent, removable action. Instead, the Citation Proceeding would be a purely ancillary matter to the *Landry* Suit, and 28 U.S.C. § 1441 would bar removal to federal court.

The Court finds that the Citation Proceeding is removable separate and apart from the *Landry* Suit. In addition, it concludes that Trisura's removal of the *Landry* Suit was improper because it is not a defendant in the action. Accordingly, the *Landry* Suit must be severed from the Citation Proceeding and remanded to the St. Clair County Circuit Court.

C. <u>Fees and Costs Under 28 U.S.C. § 1447:</u>

Now that the Court has determined that remand is proper, it must address Plaintiff's request for costs and fees under 28 U.S.C. § 1447(c). Section 1447(c) states, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances,

10

courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). This rule serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, the Court believes that Trisura had an objectively reasonable basis for seeking removal of the *Landry* Suit. Trisura removed both the Citation Proceeding and the *Landry* Suit based on its good faith belief that, where a citation proceeding is sufficiently independent to reach the level of a "civil action" that may be removed under § 1441, removal of the citation proceeding either removes the whole action (if diversity is satisfied) or none of it. The Court has not found a case within the Seventh Circuit that rejects this argument. In fact, it has been hard pressed to find a case within any circuit that rejects it. It appears that Plaintiff did not find one either as he fails to cite any in his brief. Since this is an issue of first impression, and Trisura had a good faith basis to believe that the *Landry* Suit was removable, the Court declines to award Plaintiff his costs and fees under 28 U.S.C. § 1447(c).

### III.   CONCLUSION

The Court finds that: (1) Trisura properly removed the Citation Proceeding; and (2) the *Landry* Suit must be severed from the Citation Proceeding and remanded to the St. Clair County Circuit Court. However, it declines to award Plaintiff his costs and fees because Trisura had an objectively reasonable basis to remove the *Landry* Suit. Accordingly, the Court GRANTS in part

and DENIES in part Plaintiff Frank Landry's Motion to Remand (Doc. 9). It REMANDS the

*Landry* Suit to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, and

RETAINS the Citation Proceeding.

**IT IS SO ORDERED.**
**DATED**: **February 3, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
