UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANK LANDRY, AS ADMINISTRATOR OF
THE ESTATE OF ZACHARY LANDRY,

      Plaintiff,

    v.

HOMERO MOLINA,
OM TRANSPORTATION, INC., and
EL TRANSPORT, LLC,

      Defendants,

and

TRISURA SPECIALTY INSURANCE
COMPANY,

      Citation Respondent.

Case No. 25-cv-01965-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Frank Landry's Motion for Leave to File Complaint Against Trisura Specialty Insurance Company ("Trisura") (Doc. 19). His proposed complaint asserts three claims against Trisura: (1) liability insurance coverage and payment; (2) bad faith liability and extracontractual damages; and (3) punitive damages. (Doc. 19-1). Trisura filed a response (Doc. 27), and Plaintiff filed a reply (Doc. 28).

"Federal Rule of Civil Procedure 69(a) provides that '[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution— must accord with the procedure of the state where the court is located.'" *Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010) (citing FED. R. CIV. P. 69(a)(1)). "In Illinois, 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 govern supplemental proceedings." *Id.* Section 2-

1402 "provides a mechanism by which a judgment creditor may initiate supplementary proceedings to discover the assets of a judgment debtor or third party, and apply those assets to satisfy the judgment." *Schak v. Blom*, 777 N.E.2d 635, 639 (Ill. App. Ct. 2002). It grants the Court "broad powers to compel the application of discovered assets or income in order to satisfy a judgment." *Dowling v. Chicago Options Assocs., Inc.*, 847 N.E.2d 741, 746 (Ill. App. Ct. 2006). However, the statute must be construed in accordance with the legislature's purpose in enacting it: "'to provide . . . an efficient and expeditious procedure' for enforcing judgments." *Pro. Neurological Servs., Ltd. v. City of Chi. Comm'n on Hum. Rels.*, 264 N.E.3d 543, 548 (Ill. App. Ct. 2025) (quoting *Bank of Aspen v. Fox Cartage, Inc.*, 533 N.E.2d 1080, 1083 (Ill. 1989)).

The Court declines to grant Plaintiff leave to file a complaint against Trisura. His first claim, liability insurance coverage and payment, is already before the Court. In its answer to the citation to discover assets, Trisura denied that it has or had in its possession, custody, or control, on the date of service or as of the date of filing its answer, any personal property or monies belonging to, or that may become due to, OM Transportation ("OM") or Homero Molina ("Molina"). Based on Trisura's answer, the Court must adjudicate whether it is, contrary to its denial, holding assets of OM and Molina that should be applied to satisfy the judgment. *See Jimenez v. Kiefer*, 100 F.4th 931, 938 (7th Cir. 2024).

His two other claims, bad faith liability and punitive damages, are outside the scope of this proceeding. To begin, § 2-1402 does not explicitly authorize the Court to adjudicate these claims in a citation proceeding. The Court acknowledges that § 2-1402(c)(2) gives it authority to "[c]ompel the judgment debtor to deliver up, to be applied in satisfaction of the judgment . . . choses in action." Pursuant to that authority, if the Court finds that OM's assets include claims

2

against Trisura for bad faith and punitive damages, it may compel OM to turn over those choses in action to Plaintiff.[1] But the statute does not authorize the Court to adjudicate those claims within this citation proceeding.

In addition, allowing Plaintiff to bring those claims in this citation proceeding does not align with the purpose of § 2-1402. The Illinois Legislature enacted § 2-1402 to provide judgment creditors with an "efficient and expeditious procedure" to collect judgments. *Bank of Aspen*, 533 N.E.2d at 1083. Illinois Supreme Court Rule 277(f) reaffirms this purpose by stating that a citation proceeding "terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner." If the Court adjudicates claims of bad faith and punitive damages in this action, the proceeding will become a full-fledged lawsuit, rather than an efficient procedure to discover assets and apply them to the judgment.

Finally, the Court is unable to find any case where an Illinois court permitted a judgment creditor to adjudicate bad faith claims within a citation proceeding. In his motion, Plaintiff cites *O'Neill v. Gallant Ins. Co.*, 769 N.E.2d 100 (5th Dist. 2002) and *Phelan by Phelan v. State Farm Mut. Auto. Ins. Co.*, 448 N.E.2d 579 (1st Dist. 1983). *O'Neill* and *Phelan* involved the involuntary assignment of the judgment debtor's bad faith claim against the insurer within a citation proceeding. *See O'Neill*, 769 N.E.2d at 105; *Phelan*, 448 N.E.2d at 582. In each case, the court found that the assignment was valid, and that the judgment creditor had standing to pursue

---

[1] After briefing on this motion concluded, the St. Clair County Circuit Court entered an order assigning Plaintiff "all rights and remedies of OM Transportation, Inc., pursuant to its liability insurance policy/ies with Trisura Specialty Insurance, Co, - including, but not limited to, those rights designated as contractual, extracontractual, and/or tort." Plaintiff filed the order as supplemental authority in support of this motion (Doc. 34).

the claim. *See O'Neill*, 769 N.E.2d at 116; *Phelan*, 448 N.E.2d at 583. In both cases, however, the judgment creditor brought the bad faith claim against the insurer in a separate action rather than within the citation proceeding. *See O'Neill*, 769 N.E.2d at 105; *Phelan*, 448 N.E.2d at 582.

For the foregoing reasons, the Court **DENIES** Plaintiff Frank Landry's Motion for Leave to File a Complaint Against Trisura Specialty Insurance Company (Doc. 19). Plaintiff cannot file his complaint against Trisura in this action. However, Plaintiff is not entirely without relief. In conjunction with this order, the Court will enter an order in *Trisura Specialty Insurance Company v. OM Transportation, Inc.*, No. 26-cv-121-JPG, that joins Plaintiff as a named defendant in the case. Once Plaintiff appears in that action, he will have an opportunity to bring his claims against Trisura.

**IT IS SO ORDERED.**
**DATED**: May 1, 2026

**J. PHIL GILBERT**
**United States District Judge**

4